45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph TAUB, Plaintiff-Appellant,
v.
BROWN GROUP, INC.; William Cole; Jeffrey Sanders; James
Marrs; and James Pruess, Defendants-Appellees.
 No. 93-55409.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1994.*
Decided Dec. 21, 1994.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,** Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 This case arises from an employment contract dispute. Appellant lost his suit in the district court to recover commissions and had damages assessed against him under his employer's counterclaims for breach of a covenant not to sue and for the California tort of bad faith denial of the existence of a contract. We affirm the district court's award of damages for breach of contract, but reverse the court's judgment on the bad faith denial count.
 
 Facts
 
 4
 The plaintiff-appellant, Joseph Taub, was a salesman for defendant-appellee Brown Group. After extensive and confusing negotiations, Taub signed a letter of agreement containing a provision for a base salary of $225,000 plus a "bonus opportunity" and a general release provision releasing Brown from past and future claims "related to past performance or the operation of this Agreement." E.R. at 30-33.
 
 
 5
 A dispute soon arose and Taub brought this diversity action in district court to recover commissions he believed he was due. The defendants moved for summary judgment, arguing that Taub's claim depended on inadmissible parole evidence about a prior oral agreement. The district court denied the motion. E.R. at 29. After a bench trial, the court concluded that the written agreement was intended to supersede any prior oral agreements and entered judgment against Taub on all his claims. The court then found that Taub's filing this action violated the terms of the general release. The court further found that because Taub had denied the "existence of certain terms of the agreement," he had committed the California tort of "bad faith denial of the existence of a contract." E.R. at 24-28. The court calculated damages at $39,825, the difference between the salary provided under the contract and the commissions that Taub would have earned in the absence of the contract.[1]
 
 
 6
 * Breach of Covenant Not to Sue
 
 
 7
 In pre-trial proceedings, the district court decided that parole evidence was necessary to construe ambiguous terms of the contract pertaining to the commission arrangement. R.T. at 7-9. The court also denied the defendants' motion for summary judgment, apparently because there was a genuine issue of material fact as to the meaning of the commissions provisions.[2]
 
 
 8
 Taub argues that because the district court found that a trial was necessary to determine the meaning of the contract, it implicitly nullified the contract's prohibition against suits over commissions. This claim has no merit. The court had no choice but to adjudicate the claim and, given the rules for summary judgment, had no choice but to order a trial. Its denial of the defendants' motion can in no way be considered a finding that the suit was justified notwithstanding the promise not to sue.
 
 
 9
 The only authority Taub cites for his theory is Western Chance # 2, Inc. v. KFC Corp., 957 F.2d 1538 (9th Cir.1992), where we held that, because the scope of a general release was ambiguous and in dispute, the district court had erred in finding that the defendant was entitled to a judgment as a matter of law. However, all we held was that summary judgment was inappropriate where there was a material issue as to the intended scope of the release. Id. at 1543-44. We in no way declared that the denial of summary judgment nullified the release.
 
 
 10
 Taub also seems to argue that whenever there is ambiguity in a release agreement, the release is unenforceable.[3] See Appellant's Brief at 31. There is some authority for this proposition. See Hohe v. San Diego Unified School District, 274 Cal.Rptr. 647, 650-51 (Cal.App.1990) (holding that agreement to release party from own negligence or tortious conduct must be unambiguous). However, there is no indication that the district court found anything at all ambiguous about the release provision itself. Instead, the court allowed parole evidence to resolve the ambiguity of the provisions relating to the commission arrangements. R.T. at 7-9.
 
 II
 Damages Calculation
 
 11
 The district court calculated contract damages by subtracting the amount Taub would have earned in the absence of the contract--the amount due under the prior commission structure--from the amount he was paid in salary under the contract. E.R. at 28. Taub argues that this method of calculating damages contradicts the court's earlier decision to enforce the covenant not to sue, a covenant which states on its face that it was entered into "in consideration of payment of an advance on commission." E.R. at 33 (emphasis added). Thus, Taub argues, the district court cannot enforce the release agreement, which speaks of commissions, even while otherwise finding that Taub was only due a salary. Accordingly, Taub argues that the court was inconsistent and thus erred in enforcing the release.
 
 
 12
 When parole evidence is used in interpreting a contract, we review for clear error the district court's findings relating to the contract's meaning. In re Tamen, 22 F.3d 199, 203 (9th Cir.1994). The district court opinion does not address the precise issue raised by Taub, but it is reasonable to presume that the court did not believe that the use of the word "commission" in the release agreement was significant enough to nullify the otherwise clear indications that Taub was to be put on salary. See E.R. at 30 ("On May 2, 1990, we will switch you from commission to salary compensation"). There is no error in this finding and the method of calculating damages is otherwise reasonable. See GHK Assoc. v. Mayer Group, 274 Cal.Rptr. 168, 179 (Cal.App.1990).
 
 III
 
 13
 Bad Faith Denial of Existence of a Contract
 
 
 14
 The elements of the California tort of bad faith denial of the existence of a contract are: "(1) the denial of the existence of a contract (2) in bad faith, and (3) without probable cause." Oki America, Inc. v. Microtech International, Inc., 872 F.2d 312, 313 (9th Cir.1989). The district court failed to make findings of fact to support any of these elements.
 
 
 15
 The district court's findings with respect to this claim are quite sparse. The findings of fact and conclusions of law merely state that "Taub breached his part of the agreement by bringing this claim against Defendants and he denied the existence of certain terms of the agreement." E.R. at 23, p 18. On its face, this finding lacks two of the three elements of the tort--bad faith and lack of probable cause. The mere fact that Taub did not prevail in his argument about the effectiveness of the written agreement does not mean that his denial lacked probable cause. Furthermore, while appellees offer an interpretation of the evidence that they say supports the conclusion that the denials were in bad faith, Appellees' Brief at 18-19, there is no indication that the district court adopted this view of the evidence.
 
 
 16
 More importantly, the district court based its tort judgment solely upon Taub's denial of "the existence of certain terms of the agreement" (emphasis added). California case law is clear that the tort only applies where the existence of a contract is denied, not where a party denies the obligation of particular terms of the contract. See Foley v. Interacting Data Corp., 254 Cal.Rptr. 231 (Cal.1988). Thus, in DuBarry Int'l, Inc. v. Southwest Forest Indus., Inc., 282 Cal.Rptr. 181 (Cal.App.1991), the court held that "[d]isputes as to the terms of a contract or the meaning or legal effect of those terms do not constitute a denial of a contract's existence." Id. at 190-91. In this case, Taub did not dispute that a contract existed between him and Brown, but rather disputed "the terms of [the] contract," i.e., the particular compensation arrangements provided for in the employment agreement. The fact that this dispute turned on whether the terms of the contract were embodied in a particular written document or instead in prior oral agreements does not change the analysis. Taub never denied the existence of the document or that an agreement existed.
 
 
 17
 Appellees argue that the commission arrangement provisions were so central to the contract that a denial of the existence of those provisions was an effective denial of the existence of a contract. However, the holding in DuBarry precludes such an extension. In DuBarry, the defendant also denied the obligation of the central terms of the contract. The court refused to extend liability to such a case, expressing concerns about the potentially explosive proliferation of lawsuits if the tort were extended to disputes over the terms of the contract. Id. at 192-93. This is precisely the danger posed in this case: almost every contract dispute can be characterized as a denial of the "existence of an essential term of the contract." To affirm this judgment is to authorize a tort suit to follow almost every successful contract claim. Any such extension of the law must be left to the California courts.
 
 
 18
 The district court's judgment for the appellees on the counterclaim for breach of covenant not to sue is AFFIRMED, but its judgment on the tort of bad faith denial of the existence of a contract is REVERSED. Since the award of damages could be sustained by either judgment, there is no need to remand.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Danny J. Boggs, United States Circuit Judge, Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Since this calculation of damages can be supported under either counterclaim, affirming the district court's judgment on either counterclaim is sufficient to uphold the damages award
 
 
 [2]
 The reasons for the court's decision are not well-documented. Appellant failed to designate as part of the record on appeal the relevant transcript elaborating the court's brief minute order. However, appellees agree that this was the reasoning behind the court's denial of summary judgment. Appellees' Brief at 5
 
 
 [3]
 Taub also intimates that all general releases are unenforceable under California law. See Appellant's Brief at 31. But the very cases he cites state that general releases are enforceable unless they affect "the public interest." Henrioulle v. Marin Ventures, Inc., 573 P.2d 465, 468-69 (Cal.1978); Tunkl v. Regents of University of California, 383 P.2d 441, 444-46 (Cal.1963). Taub does not attempt to show that his contract meets the test set out in these cases